UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

STEVEN D. HOFF,                                )
                                               )
        Plaintiff,                            )
                                               )
        v.                                    )    Case No.  06-4071
                                               )
PERFORMANCE FOOD GROUP, INC.,                  )
a corporation, d/b/a THOMS PROESTLER           )
COMPANY, a corporation,                        )
                                               )
        Defendant,                            )

## OPINION AND ORDER

Plaintiff's reasonable accommodation claim under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et. seq., was rejected in the Order of March 11, 2009, awarding summary judgment to Defendant (hereinafter referred to as "SJO").  The Court found the record lacking in a showing that Defendant was aware of Plaintiff's disability and therefore Defendant's conduct in terminating or refusing to resume Plaintiff's employment could not have been "because of" a disability in violation of the ADA.

On March 18, 2009, Plaintiff timely filed a motion (Doc. 52) pursuant to Federal Rule of Civil Procedure 59(e) to Alter or Amend the Judgment entered in favor of Defendant. Defendant filed its Response (Doc. 54) on March 31, 2009.  The Rule 59(e) motion, euphemistically referred to in practice as a "motion for reconsideration," attacks the basis for the Court's SJO.  As Plaintiff parses the issue, the Court found that "defendant was aware that Plaintiff had impairments, but granted summary judgment because it held [Plaintiff] to a standard of proving that defendant was aware that Plaintiff was limited in the life activity of walking."  The Court interprets this as another way of saying that Plaintiff had to prove that Defendant was aware that Plaintiff was disabled.

Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." Caisse Nationale de Credit v. CBI Indus., 90 F.3d 1264-1269 (7th Cir. 1996). It is not appropriate to argue matters that could have been raised in prior motions or rehash previously rejected arguments in a motion to reconsider. See id. at 1270. A motion under Rule 59(e) of the Federal Rules of Civil Procedure should be granted if there exists "a manifest error of law or fact" so as to enable "the court to correct its own errors and thus avoid unnecessary appellate procedures." Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir. 1996).

The essence of Plaintiff's attack on the SJO is his disavowal of any requirement for a *prima facie* case of discrimination under the ADA that Plaintiff show that the employer had knowledge of the disability at the time of the adverse employment action. Plaintiff proffers Adams v. Rice, 531 F.3d 936 (D.C. Cir. 2008) as the seminal case law authority for the proposition that a plaintiff employee is not required to prove that his employer was aware of his "actual impairment" in making out an ADA claim. Plaintiff relies upon the statement in Rice that "it makes no difference whether an employer has precise knowledge of an employee's substantial limitation . . . it is enough for the employer to know about the impairment." Rice at 531 F.3d at 953. It is a mystery to the Court how that quote provides any support for Plaintiff's proposition; in fact, the two are in blatant contradiction. Based on the quoted statement in Rice, Plaintiff concludes that because the Court "found that '[P]laintiff has an impairment that substantially limits the life activity of walking,' this Court erred when it held Plaintiff to an additional evidentiary standard of proving [D]efendant was aware that [P]laintiff was limited in the life activity of walking." (Doc. 52 at p.2). The quote attributed to the Court is nowhere to be found in the SJO, and appears to be a figment of

counsel's fancy.[1] Plaintiff's fanciful and misleading statements of the Court's ruling in the SJO is suggestive of a fundamental misunderstanding of the difference between an "impairment" and "disability."  As defined in the ADA, the two concepts are not synonymous.  "Disability" is defined as a physical or mental impairment that substantially limits one or more of the major life activities.  In the SJO, the Court decided that Defendant was unaware of Plaintiff's "disability," not his "impairment."  Had the Court found that Plaintiff had an "impairment that substantially limits his major life activity of walking" as Plaintiff contends in his motion for reconsideration, this would be tantamount to a finding that Plaintiff was "disabled" within the meaning of the ADA.  The Court certainly did not make that finding.  Instead, the Court found that Defendant was made aware of Plaintiff's "impairments" – a lower back degenerative disc disease and accompanying physical limitations restricting his ability to lift and carry weights over 25 pounds, bending, or repeated twists, and need to shift from sitting to standing and vice versa at regular intervals.  As stated in the SJO, these reported impairments, without more explanation, would not make it obvious or inferentially apparent to Defendant that Plaintiff had a "disability" or in Plaintiff's lexicon, "an impairment that would substantially limit Plaintiff's major life activity of walking."

The Court disagrees with Plaintiff's perception that <u>Adams v. Rice</u> is the seminal decision addressing this issue.  Our Court of Appeals earlier addressed the issue in <u>Hedberg v Indiana Bell Telephone Company, Inc.</u>, 47 F.3d 928 (7th Cir. 1995).  In that case, the plaintiff employee claimed that he was fired in violation of the ADA because he had a medical condition diagnosed as "primary amyloidosis" (an often fatal disease) which

---

[1] It appears that counsel lifted the quote from a sentence reading "the first question to be answered, then, is whether Plaintiff has an impairment that substantially limits the life activity of walking."  (SJO at p.11).

both parties agreed constituted a "disability" as the ADA defines the term. The employer's defense, supported by the summary judgment record, was that it was unaware of Hedberg's diagnosed condition which had been kept secret from supervisors responsible for his firing. In granting summary judgment to the defendant employer, the district judge ruled that " without knowledge of Hedberg's disability, Indiana Bell could not possibly have fired Hedberg 'because of' his disability, as the ADA requires for liability to attach."[2] Id. at 931. In affirming the decision of the district judge, the circuit court observed:

> However, unlike with race or sex discrimination, there are situations in alleged disability discrimination cases where an employer clearly did not know and could not have known of an employee's disability. We think that an employer cannot be liable under the ADA for firing an employee when it undisputably had no knowledge of the disability. This is supported both by simple logic and by the conclusions of other courts that have considered analogous issues.

Id. at 932.

In granting summary judgment to Defendant, the Court may have given more scope to the circuit court's ruling than it deserved. The opinion cautioned that a finding that the employer was unaware of an employee's disability at the time of the adverse employment decision might be a rare occurrence:

> It may be rare that there is no genuine dispute whether an employer knew about an employee's disability when it decided to fire an employee. This question does not arise in most cases of alleged employment discrimination. In race or sex discrimination, the protected characteristic of the employee is immediately obvious to the employer, but that is not always the case with disability discrimination. It is true that an employer will automatically know of many disabilities. For example, an employer would know that a person in a wheelchair, or with some other obvious physical limitation, had a disability.

---

[2] The Seventh Circuit explicitly denied any need to decide whether, where disabilities are not obvious, part of the Plaintiff's *prima facie* case would be to demonstrate knowledge on the employer's part. Id. at 933, n.5. Therefore, this appears to be an open question in this circuit, and one which this Court answers in the affirmative as discussed infra.

> Furthermore, an employer may actually know of disabilities that are not immediately obvious: the employee may ask for an accommodation under the ADA, or he may inform the employer gratuitously, for example. In those cases, which are likely the vast majority, the issue we face would not arise: there could not be a genuine issue that the employer had no knowledge of a disability.

Id.

The Seventh Circuit further described situations where the employer could be charged with notice of the employee's disability:

> Of course, if an employee tells his employer that he has a disability, the employer then knows of the disability, and the ADA's further requirements bind the employer. Furthermore, it may be that some symptoms are so obviously manifestations of an underlying disability that it would be reasonable to infer that an employer actually knew of the disability. For example, it would appear to most observers that an employee who suffers frequent seizures at work likely has some disability. If an employer admitted it fired the employee because of his frequent seizures, a reasonable inference might be drawn that the employer knew the employee had a disability. Nor should deliberate ignorance insulate an employer from liability.

Id. at 934.

In the Amended Complaint, Plaintiff describes his "disability" as "a lower back degenerative disc disease problem which substantially limited one or more of his essential life functions, including walking and lifting."[3] (Doc. 30 at p.2). He also alleges that in July 2003, he was "released to return to work with restrictions of 25 pound weight limit, no work above shoulders or below knee level, no repetitive twisting, change to sit or stand as needed for comfort." (Doc. 30 at p.2). It is undisputed that Defendant was made aware of these physical limitations and Plaintiff's request for accommodation to allow him to resume his job as a maintenance technician. In granting summary judgment for Defendant, the Court found that Defendant's knowledge of Plaintiff's physical limitations was not the

---

[3] In the summary judgment stage, Plaintiff waived his contention that he was substantially limited in the major life of working.

equivalent of knowledge that he was "disabled" within the meaning of the ADA. Implicit in this finding is the Court's judgment that Plaintiff's physical limitations do not reflect an obvious "disability" nor provide an adequate basis to reasonably infer one: those limitations do not show that Plaintiff has an impairment that substantially limits one or more of the major life activities such as "working." This is particularly the case in light of Seventh Circuit precedent that a "bad back" is not a physical impairment that charges an employer with notice of any physical impairment that substantially limits an employee in one or more major life activities. "The number of Americans restricted by back problems to light work is legion. They are not disabled." See Mays v. Principi, 301 F.3d 866, 869 (7th Cir. 2002) (employee's back injury which prevented her from lifting more than 10 pounds and no work at or below shoulder level would not be considered as creating a disability within the meaning of the federal disability law). The summary judgment record reveals that Plaintiff now proffers another physical limitation that was not made known to Defendant at the time of his termination from employment – that is, Plaintiff's limitations in walking: his deposition testimony revealed that he was unable to walk more than 150 feet without resting. In the SJO, the Court postulated that, based upon Plaintiff's deposition testimony concerning his difficulty in walking, a reasonable jury could find that this difficulty, if indefinite in nature, constituted a disability in that Plaintiff was substantially limited in the major activity of walking. See EEOC v. Sears, Roebuck & Co., 417 F.3d 789, 802 (7th Cir. 2005) (holding that a jury could conclude that "severe difficulty in walking the equivalent of one city block was a substantial limitation compared to the walking most people do daily.")

If Defendant had been made aware of Plaintiff's difficulty in walking, the Court is persuaded that it erred in granting summary judgment to Defendant. Instead, the issue of disability would have been left for determination at trial. Unfortunately for Plaintiff, in connection with his release to return to work, he did not notify Defendant of his difficulty in

walking; Defendant was only made aware of Plaintiff's bad back and related physical limitations in lifting, repetitive twisting, sitting, and standing. Given this limited knowledge, Plaintiff's walking disability was not obvious and no reasonable jury could find on this limited information that Defendant knew or had reason to know that Plaintiff was "disabled" in that he was substantially limited in the major life activity of walking.

If this were not a reasonable accommodation claim, the Court would deny the motion for reconsideration for the reasons expressed infra. However, under reasonable accommodation jurisprudence, the employer is obligated by the ADA to make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual." See 42 U.S.C. § 12112(b)(5)(A). The elements of a claim for reasonable accommodation is a showing by plaintiff that (1) she is a qualified individual with a disability; (2) the employer was aware of her disability; and (3) the employer failed to reasonably accommodate the disability. See Hoffman v. Caterpillar Inc., 256 F.3d 568, 572 (7th Cir. 2001).

In his motion for reconsideration, Plaintiff attacks the SJO on the basis that he had no duty under applicable law to show that "[D]efendant was aware that [P]laintiff was limited in the major life activity of walking." Plaintiff argues, based upon the opinion in Adams v. Rice, 531 F.3d 936, 953 (D.C. Cir. 2008), that "it makes no difference whether an employer has precise knowledge of an employee's substantial limitation . . . it is enough for the employer to know about the impairment." However, as elsewhere explained in the Rice opinion, this requirement only applies in a "pure discrimination" case under the ADA, not in a reasonable accommodation case:

> An employer's knowledge of an employee's *limitation* – as opposed to her *impairment* – is certainly relevant when the disabled employee requests a workplace accommodation. As discussed above, in such cases the accommodation sought must relate to the limitation at issue. But in pure discrimination cases like Adams's, an employer's knowledge of the precise

> limitation at issue is irrelevant; so long as the employee can show that her impairment ultimately clears the statutory hurdle for a disability – i.e., it substantially limited a major life activity – the employer will be liable if it takes adverse action against her based on that impairment.
>
> Consider the following hypothetical. Suppose a telephone receptionist takes a leave of absence from work because he's experiencing headaches only to discover that he has a malignant brain tumor. The tumor is surgically removed, rendering the employee cancer-free. As a result of the treatment, however, the employee experiences significant hearing loss. Now suppose the employer learns about the tumor – but has no idea about the hearing loss – and informs the employee he's not welcome back at work because he had *cancer*. Is that illegal discrimination under the Act? Of course it is. In such situations it makes no difference whether an employer has precise knowledge of an employee's substantial limitation; as in *Bragdon*, it is enough for the employer to know about the impairment. <u>If, however, the hypothetical telephone receptionist sought an accommodation from his employer so that he could return to work, the employer would obviously need to know about the employee's claimed hearing limitation. The upshot is this: if an employer discriminates against an employee on the basis of a physical or mental impairment, or the record thereof, and if the impairment in fact qualifies as a "disability" under the Act, i.e., it substantially limits or once limited a major activity, then the employer may be vulnerable to a charge of employment discrimination.</u> (emphasis added).

See Rice at 953-954.

Read in its true light, in context of a reasonable accommodation case, Rice teaches that the employer must know of the claimed limitation in order to make a reasonable accommodation. In contrast, in a pure discrimination case, the employer only has to know of the physical impairment.

The instant case, being an accommodation case, Plaintiff was required to show that Defendant had knowledge of her limitation in order to allow for reasonable accommodation by Defendant. As earlier discussed *supra*, none of the limitations made known to Defendant were such as to make Defendant aware that Plaintiff had any difficulty in walking. Since Plaintiff has not argued that Defendant failed to accommodate his bad back and related restrictions in his motion for reconsideration, that basis for reconsideration of

the SJO has been waived.  For all the foregoing reasons, the motion for reconsideration is DENIED.

ENTERED this  1st  day of December, 2009.

                                               s/Joe B. McDade
                                               JOE BILLY McDADE
                                               United States District Judge